92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Alexander BROWDER, Jr., Petitioner-Appellant,
v.
DAVIESS COUNTY, KENTUCKY; Benjamin L. Hawes, Jr.; Robert
Kirtley, Respondents-Appellees.
 No. 95-5989.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Joe Alexander Browder, Jr., a Kentucky prisoner proceeding pro se, appeals a district court order denying his motion for an extension of time to appeal the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 25, 1994, Browder was sentenced by the Daviess County District Court to twelve months in prison following his convictions for fourth degree assault, resisting arrest, and carrying a concealed deadly weapon. His first two federal habeas corpus petitions were dismissed in April 1994 for failure to exhaust state court remedies. In the petition underlying this appeal, Browder raised thirteen grounds for relief. The respondents again moved to dismiss for lack of exhaustion, submitting copies of the Daviess County Circuit Court's affirmance of Browder's conviction and an acknowledgment by the Kentucky Court of Appeals of his appeal to that court. While his federal habeas action was pending, Browder completed service of his twelve-month sentence and the magistrate judge ordered him to submit a statement indicating any collateral consequences of his conviction which would prevent dismissal of the petition as moot. When Browder failed to respond, the magistrate judge recommended that the petition be dismissed as moot because the sentence being challenged was satisfied. The district court, noting that Browder had filed no objections to the magistrate judge's recommended disposition, denied the petition in an order and judgment entered on February 15, 1995.
 
 
 3
 On June 12, 1995, almost four months after entry of the district court's judgment, Browder filed a notice of appeal and a request for an extension of time in which to appeal on the ground that the district court's order "was erroneously misplaced by a relative." The district court denied the motion for an extension of time in an order filed on July 7, 1995, and Browder timely appealed.
 
 
 4
 On appeal, Browder presents only issues relating to the underlying habeas corpus petition. He does not address the question of why the district court's order denying an extension of time in which to appeal was erroneous. Browder has filed a motion for the appointment of counsel on appeal.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Browder's motion for an extension of time in which to appeal. See Barnes v. Cavazos, 966 F.2d 1056, 1061 (6th Cir.1992) (per curiam).
 
 
 6
 Under Fed.R.App.P. 4(a)(1), Browder had thirty days in which to file his notice of appeal. Beyond that period, and upon a showing of excusable neglect or good cause, Fed.R.App.P. 4(a)(5) allows a party to file a motion for an extension of time "not later than 30 days after the expiration of the time prescribed by ... Rule 4(a)." See Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989). Browder did not request an extension of time until almost four months after entry of the district court's judgment, well beyond the time allowed by Rule 4(a). Even now, he presents no argument or cases which would support a finding that the district court abused its discretion in this case. The taking of an appeal within the prescribed time limits is jurisdictional; thus the district court had no authority to extend the period for filing the notice of appeal. Id.
 
 
 7
 Accordingly, Browder's motion for the appointment of counsel is denied. The district court's order, entered on July 7, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.